UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| L.A.A.S.E. INC.,<br>Plaintiff,<br><br>v.<br><br>VIRGIL GAZA et al.,<br>Defendants. | Case No. 3:26-cv-00580<br><br>Judge Eli J. Richardson<br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

On September 11, 2026, the Court issued an order to show cause requiring plaintiff to explain why the complaint should not be dismissed for failure to serve within the time required by Rule 4(m) of the Federal Rules of Civil Procedure; and for failure to prosecute for failure to respond to the Court's order of September 8, 2026. (Doc. No. 17.)

On September 21, 2026, plaintiff filed a response. (Doc. No. 18.) With respect to failure to prosecute, plaintiff acknowledged not responding to the Court's prior order. (*Id.* at 2.) With respect to failure to effect timely service, plaintiff's response is confusing. Plaintiff asserts that multiple attempts at service have failed so far in that it "has been actively looking for Defendants' locations but needs more time." (*Id.* at 4.) The docket does not reflect any request for an extension of time while the attempts at service were failing but before the order to show cause issued. At the same time, "Plaintiff's counsel and counsel for the Defendants have fully resolved the case, and Plaintiff is currently awaiting the execution of the final settlement release by Defendants' counsel; the parties anticipate completing this process and filing the appropriate dismissal paperwork with the court on or before November 1, 2026." (*Id.* at 2–3.) Plaintiff has not explained how it could communicate with legal representatives of defendants—who presumably were duly retained and

authorized to speak for them—to settle the case but not to locate corporate officers or agents with express or implied actual authority to accept service.

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "[G]ood cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis." 4B Fed. Prac. & Proc. Civ. § 1137 (4th ed. and Westlaw 2026) (citations omitted); *see also Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (good cause "necessitates a demonstration of why service was not made within the time constraints") (internal quotation marks and citation omitted). Here, the Court finds no good cause because plaintiff has undermined any assertions about a failure to locate defendants through its simultaneous assertion that it has been communicating with defendants and has settled the case. The Court has discretion to extend the time for service even without good cause, *see United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022), but none of the factors usually considered applies to the scenario here. The Court has only bare assertions from plaintiff about attempts to effect service, and again, communicating with defendants enough to settle the entire case but without arranging for proper service makes no sense.

Nonetheless, the Sixth Circuit considers dismissal a harsh sanction and prefers disposition of cases on the merits. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993). The Court thus returns to the first sentence of Rule 4(m) and the option to "order that service be made within a specified time." Despite the lack of details, the Court will accept plaintiff's counsel's assertion, as an officer of the court, that the case has settled and that only the settlement paperwork remains to be resolved. Accordingly, the Court will grant plaintiff's request for an extension of time. On or before **November 21, 2026**, plaintiff must file either 1) a stipulation of dismissal under Rule 41(a)(1)(A)(ii) that reflects a final settlement; or 2) written confirmation that proper service under Rule 4 has been completed, to give the Court personal jurisdiction over defendants and to allow the case to proceed. No further extensions will be granted, and any future filings that contradict the unqualified assertion that the parties "have fully resolved the case" could result in sanctions. Failure to complete either of the two filings described above will result in a recommendation of dismissal.

## Conclusion

For the foregoing reasons, the Court extends the time for service under Rule 4(m). On or before **November 21, 2026**, plaintiff must file either 1) a stipulation of dismissal under Rule 41(a)(1)(A)(ii) that reflects a final settlement; or 2) written confirmation that proper service under Rule 4 has been completed.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge